IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30330
Conference Calendar
_____

JERRY CARROLL,

                                        Plaintiff-Appellant,

versus

GLOBAL MARINE DRILLING COMPANY,

                                        Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-563
- - - - - - - - - - -
February 11, 1998
Before SMITH, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jerry Carroll appeals from the district court's grant of summary judgment to Global Marine Drilling that dismissed his suit alleging negligence under the Jones Act, pursuant to 46 U.S.C. § 688, and unseaworthiness. He argues that he had shown genuine issues of material fact concerning whether Global Marine had failed to provide him with a safe work environment and had failed to supervise employees properly.

We have reviewed the record and the briefs, and find that as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carroll failed to allege any facts demonstrating that Global Marine had failed to exercise that amount of care that a reasonable, prudent person would in similar circumstances, Global Marine was entitled to judgment as a matter of law with regard to the Jones Act claim.  *See Gautreaux v. Scurlock Marine, Inc.*, 107 F. 3d 331, 335, 338 (5th Cir. 1997)(en banc); *Robinson v. Zapata*, 664 F.2d 45, 48-49 (5th Cir. 1981).  Similarly, as Carroll did not allege any facts showing that unsafe work methods rendered the "High Island II" an unseaworthy vessel or that unseaworthiness played a substantial part in bringing about or actually causing his injury, Global Marine was also entitled to summary judgment with regard to the unseaworthiness claim.  *See Phillips v. Western Co. of North America*, 953 F.2d 923, 928 (5th Cir. 1992).

AFFIRMED.